Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARLENE KAPLAN, on behalf of herself and all others similarly situated,<br><br>            Plaintiff(s),<br><br>            -against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25,<br><br>            Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    ARLENE KAPLAN
    24 Players Circle
    Tinton Falls, New Jersey 07724

    PORTFOLIO RECOVERY ASSOCIATES, LLC
    120 Corporate Blvd
    Norfolk, VA 23502

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PRA maintains a location at 120 Corporate Blvd, Norfolk, Virginia 23502.

8. PRA uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. PRA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims

against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from PRA, in the form attached as Exhibit A, concerning a debt owned by PRA, which originated with HSBC CARD SERVICES and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50)

persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to April 2, 2019, Plaintiff allegedly incurred a financial obligation on a HSBC CARD SERVICES account ("HSBC CARD").

19. The HSBC CARD obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the HSBC CARD obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The HSBC CARD obligation did not arise out of a transaction that was for non-personal use.

22. The HSBC CARD obligation did not arise out of a transaction that was for business use.

23. The HSBC CARD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. HSBC CARD and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to April 2, 2019, the HSBC CARD obligation of the Plaintiff was purchased by and/or sold to PRA.

26. At the time the HSBC CARD obligation was purchased by and/or sold to PRA the HSBC CARD obligation was past due.

27. At the time the HSBC CARD obligation was purchased by and/or sold to PRA the HSBC CARD obligation was in default pursuant to the terms of the agreements creating the obligations and/or by operation of law.

28. PRA caused to be delivered to Plaintiff a letter dated April 2, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The April 2, 2019 letter was sent to Plaintiff in connection with the collection of the HSBC CARD obligation.

30. The April 2, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read the April 2, 2019 letter.

32. The April 2, 2019 letter stated in part:

| Account Offers |||||
|---|---|---|---|---|
| **SAVINGS PLAN** |  | **PAY IN FULL** |||
| Pay $230.35 and SAVE $345.52* | OR | Pay $43.19 for 6 months and SAVE $316.73* | Pay $575.87 | OR | Pay $95.97 for 6 months* |
| Your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted. || Your account will be considered paid-in-full after your final payment is successfully posted. ||
| *We are not obligated to renew this offer. Your first payment must be received by: 05/06/2019 |||||

33. Under the "SAVINGS PLAN" option, the April 2, 2019 letter advised Plaintiff that:

> Your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted.

34. Under the "PAY IN FULL" option, the April 2, 2019 letter advised Plaintiff that:

> Your account will be considered paid-in-full after your final payment is successfully posted.

35. The April 2, 2019 letter also stated in part:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. **Due to the age of this debt, we will not** sue you for it or **report payment or non-payment of it to a credit bureau**. (emphasis added)

36. The time period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

37. Pursuant to 15 U.S.C. § 1681c et seq., the time period is generally limited to 7 years ("7 year reporting period").

38. During that 7 year reporting period, creditors and other furnishers of credit information to credit bureaus must report accurate information, including whether a debt has been paid.

39. The 7 year reporting period allowed by 15 U.S.C. § 1681c et seq. on the HSBC CARD obligation had expired by April 2, 2019.

40. The April 2, 2019 letter implied that while PRA would not report payment or non-payment of the HSBC CARD obligation to a credit bureau, it was still currently reporting other information regarding the HSBC CARD obligation to one or more credit bureaus.

41. If PRA was not still furnishing information to the credit bureaus concerning the Plaintiff's HSBC CARD obligation, then it should have not implied that it was still supplying **any** information.

42. If Plaintiff accepted and completed any of the offers made by PRA in the April 2, 2019, PRA implied that it would update its reporting to one or more credit bureaus to indicate the account was paid-in-full for less than the full balance or paid-in-full.

43. PRA knew or should have known that its actions violated the FDCPA.

44. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false

    (c)    Using any false representation or deceptive means to collect or attempt to collect any debt; and

    (d)    Threatening to take an action that cannot legally be taken or that is not intended to be taken.

46.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

47.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49.    Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

50.    The April 2, 2019 letter would cause the least sophisticated consumer to believe that the obligation was still being reported to one or more credit bureaus.

51.    Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(5); § 1692e(8) and § 1692(10).

52.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that while it would continue to report other information regarding the HSBC CARD obligation to a credit bureau, it would not report any payment made on the obligation to a credit bureau.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that it was continuing to report information regarding the HSBC CARD obligation to one or more credit bureaus.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that it would update credit reporting to the credit bureaus after Plaintiff and others similarly situated completed the "SAVINGS PLAN" option to indicate "paid-in-full for less than the full balance".

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that it would update credit reporting to the credit bureaus after Plaintiff and others similarly situated completed the "PAY IN FULL" option to indicate "paid-in-full".

58. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

59. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

60. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

61. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. Defendants' conduct as described herein constitutes false representation or deceptive means to collect or attempt to collect any debt.

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding pre-judgment interest;

  (e)  Awarding post-judgment interest.

  (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 4, 2019        Respectfully submitted,

                  By: *s/ Ben A. Kaplan*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 4, 2019

                  *s/ Ben A. Kaplan*
                  Ben A. Kaplan, Esq. (NJ 0337712008)
                  CHULSKY KAPLAN, LLC
                  280 Prospect Avenue, 6G
                  Hackensack, New Jersey 07601
                  Phone (877) 827-3395 ex 102
                  Cell Phone: (201) 803-6611
                  Fax: (877) 827-3394
                  ben@chulskykaplanlaw.com
                  Attorneys for Plaintiff